UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMETRINE WELLNESS INC., d/b/a JETTY EXTRACTS,<br><br>     *Petitioner,*<br><br>   v.<br><br>JETTY NATIONAL, INC. and JETTY INSURANCE AGENCY LLC,<br><br>     *Respondents.* | Miscellaneous Action No. <u>1:24-mc-00208</u><br><br>Underlying Action:<br>*Jetty Life LLC v. Ametrine Wellness Inc.*,<br>Case No. 1:21-cv-20094-ESK-MJS (D.N.J.) |

### PETITIONER'S MOTION TO COMPEL JETTY NATIONAL, INC. AND JETTY INSURANCE AGENCY LLC TO COMPLY WITH SUBPOENAS DUCES TECUM

Pursuant to Fed. R. Civ. P. 37(a)(1) and 45(c)(2), Petitioner Ametrine Wellness, Inc. d/b/a Jetty Extracts ("Jetty Extracts" or "Petitioner"), respectfully moves for an order (1) compelling Respondents Jetty National, Inc. ("JNI") and Jetty Insurance Agency LLC ("JIA") (collectively, "Respondents") to produce documents and electronically stored information as required by the Subpoenas *Duces Tecum* to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served on Respondents on September 8, 2023 ("Subpoenas"); and (2) ordering Respondents to pay Petitioner the attorneys' fees incurred by Petitioner in bringing this Motion. This Motion is supported by the attached Declaration of Joshua M. Masur ("Masur Decl."), together with the exhibits attached to that Declaration.

Petitioner hereby certifies that, in compliance with Fed. R. Civ. P. 37(a)(1), Petitioner attempted to confer with Respondents after Respondents failed to respond to the Subpoenas. Most recently, on March 14, 2024, Counsel of Record for Petitioner sent letters offering to meet

and confer and seeking compliance to the Subpoenas to Respondents in the manner identified on jetty.com/legal, providing both an electronic copy to help@jetty.com and a physical copy of the letter via Federal Express to Jetty National, Inc., Jetty Insurance Agency LLC, Attn: Legal, 217 Centre Street, Mailbox 118, New York, New York 10013. (Masur Decl., ¶ 11 and Ex. 10). Respondents did not respond to those letters. (Masur Decl., ¶¶ 15-16).

Dated: April 30, 2024

Respectfully submitted,

ZUBER LAWLER LLP

By: */s/ Grace L. Pan*
    Grace L. Pan
    gpan@zuberlawler.com
    260 Madison Avenue, Suite 8021
    New York, New York 10016
    Telephone: 212.899.9830

    Joshua M. Masur (*pro hac vice* forthcoming)
    jmasur@zuberlawler.com
    2000 Broadway Street, Suite 154
    Redwood City, California 94063
    Telephone: 650.434.8538

    *Attorneys for Petitioner Ametrine*
    *Wellness Inc. d/b/a Jetty Extracts*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMETRINE WELLNESS INC., d/b/a JETTY EXTRACTS,<br><br>    *Petitioner,*<br>v.<br>JETTY NATIONAL, INC. and JETTY INSURANCE AGENCY LLC,<br><br>    *Respondents.* | Miscellaneous Action No. _____<br><br>Underlying Action:<br>*Jetty Life LLC v. Ametrine Wellness Inc.*,<br>Case No. 1:21-cv-20094-ESK-MJS (D.N.J.) |

**PETITIONER'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO COMPEL JETTY NATIONAL, INC. AND JETTY INSURANCE AGENCY LLC TO COMPLY WITH SUBPOENAS DUCES TECUM**

**I. INTRODUCTION**

*Jetty Life LLC v. Ametrine Wellness Inc.*, Case No. 1:21-cv-20094-ESK-MJS (D.N.J.). (the "Underlying Action") is a trademark case. Under the Lanham Trade-Mark Act, "arbitrary, suggestive and descriptive marks with a demonstrated secondary meaning are entitled to trademark protection." *Checkpoint Sys., Inc. v. Check Point Software Techs., Inc.*, 269 F.3d 270, 282–83 (3d Cir. 2001) (footnotes omitted). As a matter of law, "secondary meaning exists when in addition to their literal, dictionary meaning, words connote to the public a product *from a unique source.*" *Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852, 858 (3d Cir. 1992) (emphasis in original; citing treatise). Thus, the extent to which a putative trademark is used by multiple entities, rather than "a unique source," bears directly on the extent – and even the existence – of a trademark plaintiff's rights.

In the Underlying Action, Jetty Life, LLC ("Plaintiff") contends that Petitioner Ametrine Wellness, Inc. d/b/a Jetty Extracts ("Jetty Extracts" or "Petitioner") has infringed Plaintiff's

putative trademark rights. Specifically, the Underlying Action centers on Plaintiff's allegations regarding the use of the word "jetty" on apparel – in particular, on shirts – that Petitioner uses to promote Petitioner's cannabis products. (Masur Decl.,¶¶ 2-3 and Ex. 1, ¶¶ 31-42; Ex. 2, ¶¶ 121-122). Thus, the disputed issues in the Underlying Action necessarily include whether use of the word "jetty" on apparel is sufficiently exclusive to Plaintiff, such that use of the word identifies Plaintiff as the source of that apparel.

Publicly available information strongly suggests, even establishes, that Respondents and/or their affiliates have used the word "jetty" on apparel. For example, the top of Respondents' "Careers" webpage features a prominent image of a t-shirt with a "Jetty" logo :



(Masur Decl.,¶ 14 and Ex. 13). Further underscoring the relevance of the discovery Petitioner seeks, Petitioner's Counterclaims in the Underlying Action specifically and explicitly identify Respondent JNI, JNI's trademark registration, and JNI's use of its own "jetty" trademarks, as supporting the conclusion that Plaintiff's use of "jetty" trademarks is not exclusive. (Masur Decl.,¶ 3 and Ex. 2, ¶ 126).

Because it believed that Respondents possessed relevant information, Petitioner caused Subpoenas to be served, seeking *inter alia* documents concerning apparel bearing the word

"jetty," including the manner in which "jetty" was placed on apparel, the types of apparel, the quantity and locations in which the apparel was sold or otherwise distributed, and the dates during which the apparel was distributed or manufactured. (Masur Decl., ¶ ¶ 5-8 and Ex. 4-7). ***Respondents did not object or otherwise respond to the Subpoenas*** and did not produce any documents. (Masur Decl., ¶¶ 15-18).

Petitioner respectfully requests that the Court compel Respondents to comply with the Subpoenas by producing, without objection, *all* responsive documents in their possession, custody, or control – without objection – and require Respondents to pay Petitioner's legal fees incurred in connection with serving and enforcing the Subpoenas. (Masur Decl., ¶ 19).

## II.     BACKGROUND AND PROCEDURAL HISTORY

On November 18, 2021, Plaintiff filed a complaint alleging trademark infringement and related claims in the Underlying Action. (Masur Decl., ¶ 2 and Ex. 1, ¶1; Count I-VII).

On September 7, 2023, Petitioner served notice on counsel for Plaintiff in the New Jersey Litigation of its intent to serve the Subpoenas. (Masur Decl., ¶ 4 and Ex. 3). Plaintiff did not object. *Id.*

On September 8, 2023, First Legal Records served the Subpoenas on Respondents via their agent for service of process, CT Corporation System. (Masur Decl., ¶¶ 5-8 and Ex. 4-7). The documents were to be produced on September 25, 2023 to First Legal Records c/o Lexilas, 1235 Broadway, Second Floor., New York, New York 1001. *Id.*

On October 10, 2023, First Legal Records, the deposition officer identified in the Subpoena, sent demand packages regarding Respondents' failure to respond to the Subpoenas on Respondents' agent for service of process, CT Corporation System at 28 Liberty St., New York, New York 10005. (Masur Decl., ¶¶ 9-10 and Ex. 8-9).

On March 14, 2024, counsel for Petitioner sent letters addressed to Respondents in the manner identified on the website jetty.com/legal, providing both an electronic copy to [help@jetty.com](mailto:help@jetty.com) and physical copies of the letters via Federal Express, in an attempt to meet and confer in good faith with Respondents in an effort to obtain the Subpoena's requested documents without court intervention, pursuant to Fed. R. Civ. P 37(a)(1). (Masur Decl., ¶ 11 and Ex. 10).

Respondents did not respond to or communicate in any way regarding the Subpoenas, demand package, or letters. (Masur Decl., ¶¶ 15-18). In particular, Respondents have not objected to the Subpoena, nor produced any documents, nor stated that they have no such documents in their possession, custody, or control, nor arranged for Petitioner to inspect any documents. *Id.*

Petitioner has incurred attorney fees in preparing this Motion. (*Id.*, ¶ 19).

### III.  LEGAL STANDARDS

#### A.  Subpoenas to Third Parties

Federal Rule of Civil Procedure 45(a)(1)(A)(iii) provides that a subpoena may require that a nonparty "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). "Any subpoena issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Ireh v. Nassau Univ. Med. Ctr.*, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008); *accord, e.g.*, *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (quoting same). Thus, the party issuing the subpoena "bear[s] the initial burden of proving that the information and documents sought are relevant and proportional to the needs of the case." "*Citizens Union of City of New York v. Att'y Gen. of New York,* 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017). "Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012) (citation omitted).

## B. Motions to Compel

Federal Rule of Civil Procedure 34(c) requires that, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." When a party "fail[s] to make those objections in the 30 days that [Rule] 34 require[s] … [t]hey therefore waive[] those objections." *Shelton v. FCS Cap. LLC*, No. 2:18-CV-03723-JDW, 2020 WL 4196211, at *2 (E.D. Pa. July 21, 2020); *accord, e.g.*, *Marinelarena v. Allstate Northbrook Indem. Co.*, No. 8:20-CV-02230-DOC-JDE, 2021 WL 6618606, at *3 (C.D. Cal. Nov. 19, 2021) (quoting *Schultz* and finding objections waived).

Federal Rule of Civil Procedure 37(a)(1) permits "a party [to] move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

"A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). "Motions seeking to enforce or quash subpoenas are properly made in the court within the district that compliance is sought, and not the issuing court." *Avila v. Target Corp.*, 2022 WL 17540322, *2 (E.D.N.Y. Nov. 18, 2022).

"The court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); *see also* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery

without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.").

IV.     **ARGUMENT**

    A.     **The Subpoenas Were Properly Served, But Respondents Never Responded.**

JNI is a Delaware corporation registered to do business in New York. (Masur Decl., ¶ 12 and Ex. 11). Its Entity Information filed with the New York Department of State asserts that its Principal Executive Office is located at 217 Centre Street, New York, New York 10013. *Id.* JIA is a Delaware limited liability company registered to do business in New York. (Masur Decl., ¶ 13 and Ex. 12). The Registered Agent for service of process for both JNI and JIA is CT Corporation System, 28 Liberty Street, New York, New York 10005. (Masur Decl., ¶¶ 12-13 and Ex. 11,12).

On September 8, 2023, First Legal Records served the Subpoenas on Respondents via their agent for service of process, CT Corporation System. (Masur Decl., ¶¶ 6,8 and Ex. 5,7).

Although the Subpoenas required production of documents on September 25, 2023, *see id.*, Respondents never responded in any way, either to the subpoenas, to the demand packets served by First Legal, or subsequent correspondence seeking to meet and confer. (Masur Decl., ¶¶ 15-18).

    B.     **The Subpoenas Seek, and Respondents Have Possession, Custody, or Control of, Information Relevant to the Claims and Counterclaims in the Underlying Action.**

The Subpoenas seek documents related to Respondents' use of the word "jetty" on apparel, which is directly relevant to the claims and defenses in the Underlying Action. (Masur Decl., ¶¶ 5, 7 and Ex. 4, 6).

Plaintiff asserts in the Underlying Action that Petitioner's promotional use of apparel bearing the word "jetty" has infringed Plaintiff's putative trademark rights. (Masur Decl.,¶ 2 and

Ex. 1, ¶¶ 31-42, Count I-VII). Because words receive trademark protection only when they have "secondary meaning" – "that is, … [those] words connote to the public a product *from a unique source*" – whether others make similar use of those words directly impacts whether they function as trademarks at all. *Dranoff-Perlstein*, 967 F.2d at 858 (emphasis in original; citing treatise). The manner in and extent to which the parties and third-parties, including Respondents in particular, use the word "jetty" on apparel, is therefore directly at issue in the Underlying Action.

Petitioner's Counterclaims in the Underlying Action specifically identify JNI and its trademark registration, and attach the registration certificate as an exhibit:

> 123. In addition to Jetty Extracts' federal [and] California state trademark registrations for the word marks JETTY and JETTY EXTRACTS … and [Plaintiff]'s asserted federal trademark registrations…, other companies have registered JETTY word marks in other classes.
>
> …
>
> 126. As another illustrative and nonexclusive example, on August 1, 2017, the USPTO issued registration certificate no. 5,257,983 for the word mark JETTY in classes 36 … and 42 … to **Jetty National, Inc.** A true and correct copy of registration certificate no. 5,257,983 is attached as Exhibit 7 hereto.

(Masur Decl., ¶ 3 and Ex. 2, ¶¶ 123, 126 (emphasis added)).

Petitioner's Second Counterclaim, for Declaratory Judgment of No Federal Trademark Infringement, No Likelihood of Confusion, and No Dilution By Blurring, relies in part on registration and use of "jetty" marks by third-parties, including Respondents.

> 159. [Plaintiff]'s marks are not widely recognized by the general consuming public of the United States as designating [Plaintiff]'s goods. Among other things, the fact that the USPTO has issued registrations to both parties, but in different fields of use, ***as well as to other non-parties in other fields of use***, confirms that [Plaintiff]'s trademarks are not generally distinctive or famous, are not substantially exclusive across uses, and lack a high degree of recognition, and [Plaintiff]'s trademark rights, if any, are limited to its specific field of use….

(Masur Decl., ¶ 3 and Ex. 2, ¶ 159).

Moreover, Petitioner's belief that Respondents have information related to use of the word "jetty" on apparel is not speculative. The "Careers" page of the jetty.com website, https://www.jetty.com/careers/, is attributed to both Respondents; specifically, it bears the copyright notice "© 2024 Jetty National, Inc.," and discloses that "Jetty Insurance Agency LLC … is an insurance agency licensed to sell property-casualty insurance products." (Masur Decl., ¶ 14 and Ex. 13). That page features a prominent image of a t-shirt with a "Jetty" logo:



*Id.* In short, Respondents' possession, custody, or control of specifically relevant information is established not merely in the pleadings, but also in Respondents' public presence. Respondents should be compelled to produce all responsive documents and things in their possession, custody, or control.

    C.    **The Court Should Compel Compliance and Award Fees.**

        1.    **Respondents and Plaintiff Waived Any Objections to the Subpoenas.**

Rule 45(d)(2)(B) provides that if the person commanded to produce documents or ESI, or to permit inspection, seeks to object to a subpoena, that person must serve a written objection within the earlier of the date compliance is required or 14 days after the Subpoena is served. Respondents did not object to the Subpoenas either by the date the discovery was due (*i.e.*, by

September 25, 2023), or within 14 days after they was served (*i.e.*, by September 22, 2023). (Masur Decl., ¶¶ 5, 7, 15-18 and Ex. 4, 6). Therefore, Respondents waived all objections. *See, e.g.*, *Shelton*, 2020 WL 4196211, at *2 (failure to timely object waives objections); *accord, e.g.*, *Marinelarena*, 2021 WL 6618606, at *3 (quoting same).

Plaintiff's failure to object to the Subpoenas similarly waived any objections it might have had. (Masur Decl., ¶¶ 5, 7).

### 2. Award of Expenses.

Because Respondents have "fail[ed] without adequate excuse to obey the subpoena" – indeed, without *any* excuse – the Court should hold them in contempt. Fed. R. Civ. P. 45(g). Rule 37(a)(5) requires that, even if Respondents now belatedly provide the requested discovery, the Court must shift Petitioner's "reasonable expenses incurred in making the motion, including attorney's fees," absent mitigating circumstances. None of those circumstances apply here. Before filing this motion, Petitioner "attempt[ed] in good faith to obtain the disclosure or discovery without court action," and Petitioner is aware of no purported justification for Respondents' failure to respond. Petitioner respectfully requests that the Court order Respondents to pay their expenses and fees, and permit Petitioner to submit documentation therefor after compliance is achieved. (Masur Decl., ¶ 19).

### V.   CONCLUSION

This Court should enter an Order:

1. Compelling Respondents to produce all documents and electronically stored information, without objections or limitations, as required by the Subpoenas served on JNI and JIA on September 8, 2023; and

2. Ordering Respondents to pay Ametrine Wellness Inc. d/b/a Jetty Extracts its attorneys' fees incurred in bringing this Motion.

Dated: April 30, 2024

Respectfully submitted,

ZUBER LAWLER LLP

By: */s/ Grace L. Pan*
Grace L. Pan
gpan@zuberlawler.com
260 Madison Avenue, Suite 8021
New York, New York 10016
Telephone: 212.899.9830

Joshua M. Masur (*pro hac vice* forthcoming)
jmasur@zuberlawler.com
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: 650.434.8538

*Attorneys for Petitioner Ametrine Wellness Inc. d/b/a Jetty Extracts*